(4 Misc. Rep. 255.)

MECHANICS' & TRADERS' BANK v. LIVINGSTON et al. (No. 2.)

(City Court of New York, General Term. June 19, 1893.)

NEGOTIABLE INSTRUMENTS—ACTIONS ON—VERDICT.

In an action on a note executed by defendants to H., and indorsed by H. to plaintiff, and delivered to it with other notes, the evidence was conflicting as to whether such notes were delivered to plaintiff to secure a $3,000 note executed by H. to plaintiff, and paid before the action was

brought, or to secure any future indebtedness of H. to plaintiff. The court instructed the jury that, if the notes—the one in suit included—were given as security for the $3,000 note. plaintiff could not recover; that the burden of proof that the note in suit was given for the future indebtedness of H. to plaintiff was on plaintiff; that plaintiff must establish, by a fair preponderance of evidence, that the note was given as collateral for future indebtedness, or it could not recover. *Held*, that a verdict for plaintiff was equivalent to a finding that the note in suit was given to plaintiff as security, not for the $3,000 note, but for the future indebtedness of H. to plaintiff.

Appeal from trial term.

Action by the Mechanics' & Traders' Bank against Frederic Livingston and another. From a judgment on a verdict directed for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Geo. F. Martens, for appellants.
Charles Strauss, for respondent.

VAN WYCK, J.   The plaintiff bank sues upon a promissory note made by defendants to order of Haas & Pohalski, and by them indorsed and delivered to the bank. The defendants allege, by way of defense, that they were accommodation makers of the note; that the payees delivered it, together with 26 other notes, to the bank, as collateral security for the payment of a note for $3,000 which such payees at that time made and delivered to the bank for value; and that the bank has collected $3,000 of such collateral 26 notes, and hence has been paid said $3,000 note in full. The proof, on trial, as to the conditions under which the note in suit, and the other 26 notes, were delivered to the bank by Haas & Pohalski, was conflicting; the plaintiff bank contending, by evidence, that these notes were delivered by Haas & Pohalski, and left with it as collateral security for their account in general, and for any overdrafts they might make, and that they continued to make overdrafts every day up to the time of their failure, and that at the time of their failure they owed the bank about $10,000, and still owe it about $6,000. On the other hand the defendants' evidence shows that the note in suit, and the other 26 notes, were delivered to the bank, specifically, as collateral security for the payment of the $3,000 note, and that such note has been fully paid. The determination of these disputed questions of fact was properly left to the jury, under a careful charge by the court, to no part of which either side excepted, and by which the jury were told that "if you believe that those notes, the one in suit included, were given as collateral security for the note of three thousand dollars, then plaintiff cannot recover." This was an instruction to the jury that defendants could not be held liable on the note in suit if it, with the others, had been delivered to the bank as security for the $3,000 note, even though the defendants had made and delivered it to Haas & Pohalski for full value received, because it was in proof that the bank had collected more than $3,000 on the other 26 notes.

Hence it was not fatal error to exclude the proof offered by defendants, that they were accommodation makers of the note in suit. And, moreover, the court instructed the jury, as requested by defendants' counsel, "that the burden of proof that the note was given for the future indebtedness of Haas & Pohalski to the bank was upon the plaintiff," and that "they must establish, by a fair preponderance of evidence, that the note was given as collateral for future indebtedness, and that unless they do the defendant is entitled to a verdict." By returning a verdict for plaintiff under these instructions, they found that the note in suit was given to the bank as collateral security, not for the $3,000 note, but for the future indebtedness of Haas & Pohalski to the bank, and, so finding, the defendants would be liable, although they were accommodation makers. The judgment and order appealed from are affirmed, with costs. All concur.